# EXHIBIT "A"

| STATE OF NORTH CAROLINA | File No. 13-CVS-229 |
|---|---|
| PASQUOTANK County | In The General Court of Justice<br>☐ District ☒ Superior Court Division |

| Name of Plaintiff | |
|---|---|
| JUSTICE FAMILY FARMS, LLC | **CIVIL SUMMONS** |
| Address | |
| P. O. Box 2178 | ☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE) |
| City, State, Zip | |
| Beaver, West Virginia 25813 | G.S. 1A-1, Rules 3, 4 |
| VERSUS | Date Original Summons Issued |
| Name of Defendant(s) | |
| SMITH'S CONCRETE CONSTRUCTION, INC. | Date(s) Subsequent Summon(es) Issued |

**To Each of The Defendant(s) Named Below:**

| Name And Address of Defendant 1 | Name And Address of Defendant 2 |
|---|---|
| SMITH'S CONCRETE CONSTRUCTION, INC.<br>3380 Ash-Little River Road, N.W.<br>Ash, North Carolina 28420 | |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address of Plaintiff's Attorney (If None, Address of Plaintiff) | Date Issued | Time | |
|---|---|---|---|
| Paula M. Shearon<br>Battle, Winslow, Scott & Wiley, P.A.<br>P. O. Box 7100<br>Rocky Mount, NC 27804-0100  252-937-2200 | 4/3/13 | 2:02 | ☐ AM ☒ PM |
| | Signature | | |
| | ☐ Deputy CSC  ☒ Assistant CSC  ☐ Clerk of Superior Court | | |

| | Date of Endorsement | Time | |
|---|---|---|---|
| ☐ ENDORSEMENT (ASSESS FEE) | | | ☐ AM ☐ PM |
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Signature | | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk of Superior Court | | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

AOC-CV-100, Rev. 6/11
© 2011 Administrative Office of the Courts    (Over)

NORTH CAROLINA                                IN THE GENERAL COURT OF JUSTICE
                                              SUPERIOR COURT DIVISION
PASQUOTANK COUNTY                             13-CVS-229

JUSTICE FAMILY FARMS, LLC,    )
                              )
        Plaintiff,            )
                              )
    v.                        )               **COMPLAINT**
                              )
SMITH'S CONCRETE              )
CONSTRUCTION, INC.,           )
                              )
        Defendant.            )

The Plaintiff, through counsel, hereby complains of the Defendant and alleges as follows:

1. Plaintiff Justice Family Farms, LLC is a corporation organized and existing under the laws of the State of West Virginia and is engaged in agri-business in the State of North Carolina.

2. Defendant Smith's Concrete Construction, Inc. ("Smith's Concrete") is a North Carolina corporation, with a principal place of business in Ash, North Carolina.

3. Subject matter jurisdiction over this cause is conferred upon and vested in this Court by virtue of N.C.G.S. §§7A-240 and 7A-243. Venue for this action is proper pursuant to N.C.G.S. §§1-79 and 1-82.

## FACTUAL ALLEGATIONS

4. Plaintiff owns and operates a grain storage facility at 1268 U.S. Highway 17 South, Elizabeth City, North Carolina. The grain storage facility (the "Facility") was first constructed in mid-2011.

5. On or about April 22, 2011, Plaintiff entered into agreements with Smith's Concrete, Gaston Sealy Company, Inc., Lee's Bin Service, and Industrial Electric to construct the Facility (the "Project").

6. Smith's Concrete was retained to provide all necessary concrete services in relation to the Project.

7. Plaintiff paid Smith's Concrete directly for all completed work.

8. Smith's Concrete was provided with job specifications which included a concrete anchor to be poured and reinforced in order to support the I-beam which supports the guy wire running from the grain elevator. The concrete pad was specified to be 5 foot wide by five foot long by five foot deep (5' x 5' x 5') in order to provide adequate support. The concrete pad was to be rebar reinforced and crossed braced on the I-beam.

9. Between June, 2011 and August, 2011 Smith's Concrete performed work on the Project, including the concrete anchor and was paid for that work by Plaintiff a total sum of $354,750.00.

10. Upon information and belief, the concrete anchor was not poured and completed by Smith's Concrete pursuant to the specifications and size requested.

11. On or about August 27, 2011 Hurricane Irene made landfall on the coast of North Carolina.

12. At some point during the storm, due to the inadequate construction of the concrete anchor, the I-beam pulled out of the anchor, causing a load out leg of the Facility to fall on top of a 90 foot grain bin. Both the leg and the grain bin were severely damaged.

13. The cost of repairs and replacements needed to the Facility are at least $271,075.68 to fix all damage caused by the falling load leg and to bring the concrete pad up to the necessary specifications.

## FIRST CAUSE OF ACTION: BREACH OF CONTRACT

14. Paragraphs 1 through 13 above are realleged and incorporated herein by reference.

15. Plaintiff entered into a valid and binding contract with Smith's Concrete to provide all necessary concrete work, including the concrete pad pursuant to the specifications provided to Smith's Concrete.

16. Alternatively to paragraph 15 above, Gaston Sealy acted as an agent for Plaintiff when it entered into a valid and binding contract with Smith's Concrete to provide a concrete pad pursuant to the specifications provided to Smith's Concrete.

17. Plaintiff complied with all conditions precedent to the contract, including all requisite payments to Smith's Concrete.

18. Inherent in the contract by and between the Plaintiff and Smith's Concrete was the obligation of Smith's Concrete to provide workmanlike services in order to provide Plaintiff with the concrete pad suitable for the particular needs of the Plaintiff and to perform such work pursuant to the requested specifications.

19. Smith's Concrete breached the contract by failing to provide workmanlike services and failing to provide Plaintiff with a concrete pad pursuant to the requested specifications and suitable to the particular needs and purposes of the Plaintiff, in that Smith's Concrete built the concrete pad too small to reasonably provide support for the I-Beam and grain elevator.

20. Smith's Concrete's breach of the contract with the Plaintiff caused the I-Beam to fall and damage the Facility.

21. Smith's Concrete is liable for breach of contract to Plaintiff for the amount required to reconstruct the concrete pad and corresponding parts to provide to the Plaintiff that work for which it contracted, being at least $271,075.68.

## SECOND CAUSE OF ACTION: NEGLIGENCE

22. Paragraphs 1 through 21 above are realleged and incorporated by reference.

23. Smith's Concrete owed a duty to Plaintiff to provide workmanlike services in order to provide Plaintiff with a concrete pad suitable for the particular needs of the Plaintiff, and in a manner pursuant to the specifications requested.

24. Smith's Concrete breached its duty to the Plaintiff by failing to provide workmanlike services in the construction of the concrete pad in that it was not built pursuant to the specifications provided and in a manner insufficient for the purpose of which it was to be built, being the support of the grain elevator, of which purpose Smith's Concrete was aware.

25. Smith's Concrete's breach of duty to the Plaintiff in constructing the concrete pad smaller than the specifications requested and in a manner insufficient for its known purpose caused the I-Beam of the grain elevator to be weakened and it was unable to withstand the winds of Hurricane Irene.

26. Due to the sub-par construction of the concrete pad and the negligence of Smith's Concrete the I-Beam pulled out of the anchor and fell, damaging the Facility.

27. Defendant's negligent construction of the concrete pad damaged the Plaintiff in an amount of at least $271,075.68.

WHEREFORE, the Plaintiff having complained of the Defendant, prays for judgment as follows:

1. That Plaintiff have and recover Judgment against Defendant in the amount of at least $271,075.68 for Defendant's breach of contract;

2. That Plaintiff have and recover Judgment against Defendant in the amount of at least $271,075.68 for Defendant's negligence;

3. That Plaintiff recover its costs from Defendant and for such other and further relief as the Court deems appropriate.

The Plaintiff demands a trial by jury of all issues.

This the 2 day of April, 2013.

*Paula M. Shearon*

W. Dudley Whitley, III, NC State Bar No. 13755
Paula M. Shearon, NC State Bar No. 41583
BATTLE, WINSLOW, SCOTT & WILEY, P.A.
Attorney for Plaintiff
Post Office Box 7100
Rocky Mount, NC 27804-0100
T: (252) 937-2200
F: (252) 451-6836